

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George Moffett
Acting Chairman
State Affairs Committee
Senate of Texas

Dear Sir:

Opinion No. O-5121
Re: Constitutionality of
Senate Bill No. 161,
relating to certain
officers and employ-
ees of the State of
Texas in military
service.

We are in receipt of your letter of March 9, 1943, in which you request the opinion of this department on the constitutionality of Senate Bill No. 161. This bill relates to certain officers and employees of the State and its political subdivisions. It defines "military service" and provides that the absence of any of the officers or employees named, "in military service" shall not create a forfeiture or vacancy in the office or position which he holds, but that such absence shall merely create a "temporary vacancy" which may be filled by appointment. It further provides that during his term of absence in military service he shall receive no compensation from the State or political subdivision by reason of the office he holds therein, and that upon his return if he returns before the expiration of his term of office he shall be entitled to resume his official duties and receive pay therefor after thirty days' written notice to the temporary appointee.

Section 10 of Article 16 of our Constitution provides that:

Honorable George Moffett, Page 2

"The Legislature shall provide for deduc-
tions from the salary of public officers who may
neglect the performance of any duty that may be
assigned them by law."

Under this provision of the Constitution we think the Legis-
lature is authorized to provide for the discharge of the
duties of an officer during the absence or inability of the
officer, who is in the service of his country, to discharge
such duties. We also think that the Legislature is author-
ized to make the deductions from his salary proposed by the
bill under consideration, during his absence from the office
and for the duration of his inability to discharge his offi-
cial duties. As stated by Justice Sharp in the case of
Carpenter v. Sheppard, 145 S. W. (2d) 562:

"If the Legislature should conclude that
an officer in the National Guard cannot perform
the duties of his office held by him in this
State, while temporarily in the active military
service of the United States, it may make pro-
vision for such inability, just as it has made
similar provisions in respect to other State
offices, where the head of a department is un-
able for any reason to perform the duties of
the office. It may adjust salaries on account
of failure to perform the duties assigned to
offices. Section 10, Article 16, Constitution."

We are of the opinion, however, that insofar as
the bill undertakes to create and define a "temporary vacancy"
in an office it oversteps the constitutional boundaries. It
seems to us that the office must be vacant or not vacant.
If it be vacant, then there is and can be no present incum-
bent, whether such vacancy be temporary or permanent. If
it be vacant, then the constitution, itself, provides the
method of filling such vacancies in most instances. In such
cases, of course, the Legislature has no alternative; the
vacancy must be filled in the manner prescribed by the
constitution.

Nor is a vacancy in office created merely by
virtue of the absence of the officer in the military service.
Hamilton v. King, 206 S. W. 953; Carpenter v. Sheppard, 145
S. W. (2d) 562; Cramer v. State, 167 S. W. (2d) 147. The
officer who is absent in the military service continues to

Honorable George Moffett, Page 3

be the incumbent of the office held by him at the time of his induction into the armed forces in contemplation of Secs. 33 and 40 of Art. 16 of the Constitution, and the office does not become vacant by reason of his absence therefrom. Craner v. State, supra. The Constitution being specific, we think the Legislature is not authorized to create a vacancy "temporary" or otherwise under such circumstances.

We are of the opinion also that the provision of the bill which requires that the officer who has been temporarily absent in the military service, as defined by the statute, shall not resume his duties, nor be entitled to the emoluments of the office until after he has given thirty days' notice in writing to the temporary appointee is unconstitutional, as being in conflict with Sections 33 and 40 of Article 16 of our Constitution. While, as we have hereinabove pointed out, the Legislature may provide for the discharge of his duties, during the period of his absence, he is, and continues to be the "officer" and entitled to the office. When his period of absence has terminated, and he is able to re-enter upon the discharge of his official duties, he is entitled to do so, and to receive his compensation therefor, and such right cannot be made dependent upon prior notice to the appointee who has been appointed and is entitled to serve only during the absence of the real officer. We think this view is in accord with the expressions of our Supreme Court in the cases of Carpenter v. Shepperd, 145 S. W. (2d) 562 and Craner v. State, 167 S. W. (2d) 147.

Trusting that the above fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fowler Roberts*

Fowler Roberts,
Assistant.

FR:fo

*Gerald C. Mann*

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN